

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------X
JAMES MALLARD,

                Petitioner,                      98 CV 7507 (SJ)

    - against -                                MEMORANDUM
                                                 and ORDER

UNITED STATES OF AMERICA,

                Respondent.
-----------------------------------------------------X

MAIL TO:

James Mallard
15995-056
Sing Sing Correctional Facility
354 Hunter Street
Ossining, NY 10562
Petitioner *Pro Se*

ROSLYNN MAUSKOPF
OFFICE OF THE U.S. ATTORNEY
One Pierrepont Plaza, 14th Floor
Brooklyn, NY 11201
Attorney for Respondent
By:    Catherine Harries Friesen

JOHNSON, Senior District Judge:

       James Mallard ("Petitioner") brings this motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. In 1997, Petitioner pleaded guilty to Count One of the Indictment, possession of stolen goods, namely buses, that had crossed state lines, in violation of 18 U.S.C. § 2313. Petitioner was sentenced, in part, to a term of imprisonment of thirty-five months. Petitioner claims that his sentence must be vacated because: (1) the Court failed to inform him, at the time of his plea allocution, of his right against self-incrimination; (2) the

1

Court's inquiry into the knowing and voluntary nature of Petitioner's guilty plea was inadequate; and (3) the Court incorrectly advised Petitioner that his plea did not violate double jeopardy.

Petitioner, according to the Bureau of Prisons and Petitioner's affidavit dated March 13, 2001, is no longer incarcerated. Release from custody does not necessarily render a 28 U.S.C. § 2255 petition moot, if a petitioner asserts a "collateral consequence" of a conviction, meaning "some concrete and continuing injury other than the now-ended incarceration or parole." Swaby v. Ashcroft, 357 F.3d 156, 160 (2d Cir. 2004) (quoting Spencer v. Kemna, 523 U.S. 1, 7 (1998). However, where the only relief sought by a petitioner is release from incarceration and the petitioner has been released, with the result that the Court can no longer provide the relief sought in the petition, the petition must be dismissed as moot. See, e.g., Davis v. U.S., 2004 WL 1488371, *3 (S.D.N.Y. Jul. 1, 2004). In this case, although Petitioner has challenged the fact of his conviction (vis-a-vis the validity of his guilty plea), which could give rise to a collateral consequence, the only relief sought by him is release from incarceration. Therefore, the petition must be DISMISSED due to Petitioner's subsequent release from custody.

Respondent is directed to attempt to obtain a current mailing address for Petitioner and to serve this Order upon Petitioner.

SO ORDERED.

Dated: August 8, 2005
Brooklyn, New York

s/SJ
Senior U.S.D.J.

2